# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **PENN VIRGINIA OIL & GAS CORPORATION,** ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **CNX GAS COMPANY, LLC,** ) <br> Respondent. ) <br> ) | Civil Action No. 1:06cv00090 <br><br> **MEMORANDUM** <br><br> By: G<small>LEN</small> M. W<small>ILLIAMS</small> <br> S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small> |

This case is currently before the court on the Joint Motion To Set Aside Final Judgment and Order, (Docket Item No. 29), ("Joint Motion to Set Aside"), filed on July 10, 2007, requesting that this court vacate its March 15, 2007, Final Judgment and Order in this case, (Docket Item No. 22), pursuant to Federal Rule of Civil Procedure 60(b)(6).

## *I. Facts*

This matter first came before the court through an application seeking an order confirming an arbitration award between the petitioner, Penn Virginia Oil & Gas Corporation, ("Penn Virginia"), and the respondent, CNX Gas Corporation, LLC, ("CNX"), filed by Penn Virginia, (Docket Item No. 1). Thereafter, CNX filed a motion to vacate the arbitration award, (Docket Item No. 7). The case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to this referral, the Magistrate Judge submitted a report and recommended disposition of this case, (Docket Item

-1-

No. 20). The court, upon a review of the record, affirmed the Magistrate Judge's report on March 15, 2007, and entered a Final Judgment and Order denying the respondent's motion to vacate the arbitration award, confirming the arbitration panel's award and striking the case from the docket.

Thereafter, the respondent appealed this case to the United States Court of Appeals for the Fourth Circuit, (Docket Item No. 23). With the appeal still pending in the Fourth Circuit, on July 10, 2007, the parties filed the Joint Motion to Set Aside in this court. A hearing on this motion was held before the undersigned on July 10, 2007. At this hearing, counsel for both parties stated that both Penn Virginia and CNX had agreed to a settlement of this case which would restore the parties's prior business relationship in the best interest of the parties and the public. Counsel further represented to the court that in order for the parties to return to the *status quo ante* of their prior business operations, it was necessary that the court vacate its March 15, 2007, Final Judgment and Order.

*II. Analysis*

The Fourth Circuit held in *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 889 (4th Cir. 1999), that "a district court does retain jurisdiction to entertain a Rule 60(b) motion, even when the underlying judgment is on appeal." Contrary to the "well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal,'" the Fourth Circuit has found that "the district court retains jurisdiction over matters 'in aid of the appeal.'" *Fobian*, 164 F.3d at 890 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), and *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188,

1190 (4th Cir. 1991)).

However, the Fourth Circuit has also held that while a district court may "entertain" a Rule 60(b) motion, and may deny such a motion, it does not have the power to grant such a motion. *See Fobian*, 164 F.3d at 889-91. Instead, "if the district court is inclined to grant the Rule 60(b) motion, it should issue a short memorandum so stating. The movant can then request a limited remand from [the United States Court of Appeals for the Fourth Circuit] for that purpose." *Fobian*, 164 F.3d at 891. Once a limited remand has been granted by the Fourth Circuit, this court then can order relief under Rule 60(b).

In this case, the parties presented the Joint Motion to Set Aside seeking relief pursuant to Rule 60(b)(6). This Federal Rule of Civil Procedure provides a district court the power to relieve a party from a final judgment, order or proceeding based upon "any . . . reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). *See Reid v. Angelone*, 369 F.3d 363, 374 (4th Cir. 2004). Generally speaking, "a motion under Rule 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *Reid*, 369 F.3d at 370 (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000) (citations and internal quotation marks omitted)). However, Rule 60(b)(6) has been interpreted to "'provide[] the court with a grand reservoir of equitable power to do justice in a particular case.'" *Reid*, 369 F.3d at 374 (quoting *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999) (citations and internal quotation marks omitted)).

Penn Virginia and CNX have represented to this court that they have agreed

to a settlement in this case which would result in a continued business relationship and provide a public benefit. However, counsel for both parties stated that, based on the complex structure of their business relationship, the resolution of this case and the ability to continue their business relationship was contingent upon this court vacating its March 15, 2007, Final Judgment and Order. Based on the representations of counsel for both parties regarding the specific facts in this case, this court finds that extraordinary circumstances exist that would justify the court's use of its "'grand reservoir of equitable power to do justice'" in this particular situation. *See Reid*, 369 F.3d at 374 (quoting *Eberhardt*, 167 F.3d at 872 (citations and internal quotation marks omitted)). As a result, pursuant to the procedure set forth by the Fourth Circuit in *Fobian*, this court hereby states that it is inclined to grant the Joint Motion to Set Aside should the United States Court of Appeals for the Fourth Circuit choose to remand the case to this court. 164 F.3d at 891-92.

The Clerk is directed to enter this Memorandum and to send copies of this Memorandum to all counsel of record.

**DATED:** This 12th day of July, 2007.

                                            s/ Glen M. Williams
                                            **THE HONORABLE GLEN M. WILLIAMS**
                                            **SENIOR UNITED STATES DISTRICT JUDGE**